1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                          **EASTERN DIVISION**

11

12   VILMA MONTES,                    )      No.  CV 08-6668 CW
                                      )
13                 Plaintiff,         )      DECISION AND ORDER
              v.                      )
14                                    )
     MICHAEL J. ASTRUE,               )
15   Commissioner, Social             )
     Security Administration,         )
16                                    )
                   Defendant.         )
17   _____)

18

19        The parties have consented, under 28 U.S.C. § 636(c), to the

20   jurisdiction of the undersigned magistrate judge.  Plaintiff seeks

21   review of the denial of disability benefits.  The court finds that

22   judgment should be granted in favor of defendant, affirming the

23   Commissioner's decision.

24                         **I.   BACKGROUND**

25        Plaintiff Vilma Montes was born on July 23, 1945, and was sixty-

26   one years old at the time of her administrative hearing.

27   [Administrative Record ("AR") 32, 766.]  She has a college education

28   and past relevant work experience as a credit counselor and general

                                     1

1  clerk [AR 27.]  Plaintiff alleges disability on the basis of cancer,
2  migraines, allergies, hearing loss, back pain, and loss of energy. [AR
3  22.]

## II.  PROCEEDINGS IN THIS COURT

5  Plaintiff's complaint was lodged on October 9, 2008, and filed on
6  October 16, 2008.  On April 22, 2009, defendant filed an answer and
7  plaintiff's Administrative Record ("AR").  On July 22, 2009, the
8  parties filed their Joint Stipulation ("JS") identifying matters not
9  in dispute, issues in dispute, the positions of the parties, and the
10 relief sought by each party.  This matter has been taken under
11 submission without oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

13 Plaintiff applied for a period of disability and disability
14 insurance benefits ("DIB") on March 24, 2005, alleging disability
15 since September 1, 2002. [AR 22.]  After the application was denied
16 initially and on reconsideration, plaintiff requested an
17 administrative hearing, which was held on September 18, 2006, before
18 Administrative Law Judge ("ALJ") Sally Reason. [AR 766.]  Plaintiff
19 appeared with counsel, and testimony was taken from Plaintiff and
20 vocational expert Gregory Jones. [AR 767.]  The ALJ denied benefits in
21 a decision dated December 21, 2006.  [AR 28.]  When the Appeals
22 Council denied review on August 15, 2008, the ALJ's decision became
23 the Commissioner's final decision.  [AR 5.]

## IV.  STANDARD OF REVIEW

25 Under 42 U.S.C. § 405(g), a district court may review the
26 Commissioner's decision to deny benefits.  The Commissioner's (or
27 ALJ's) findings and decision should be upheld if they are free of
28 legal error and supported by substantial evidence.  However, if the

2

1   court determines that a finding is based on legal error or is not

2   supported by substantial evidence in the record, the court may reject

3   the finding and set aside the decision to deny benefits.  See Aukland

4   v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.

5   Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240

6   F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,

7   1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.

8   1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada

9   v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

10      "Substantial evidence is more than a scintilla, but less than a

11   preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence

12   which a reasonable person might accept as adequate to support a

13   conclusion." Id.  To determine whether substantial evidence supports

14   a finding, a court must review the administrative record as a whole,

15   "weighing both the evidence that supports and the evidence that

16   detracts from the Commissioner's conclusion." Id.  "If the evidence

17   can reasonably support either affirming or reversing," the reviewing

18   court "may not substitute its judgment" for that of the Commissioner.

19   Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

20                    **V.   DISCUSSION**

21      **A.   THE FIVE-STEP EVALUATION**

22      To be eligible for disability benefits a claimant must

23   demonstrate a medically determinable impairment which prevents the

24   claimant from engaging in substantial gainful activity and which is

25   expected to result in death or to last for a continuous period of at

26   least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at

27   721; 42 U.S.C. § 423(d)(1)(A).

28      Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1]  Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v.

4

1    education, and work experience, a claimant can perform other work

2    which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098,

3    1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

4         **B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

5         Here, the ALJ found that plaintiff had not engaged in substantial

6    gainful activity since her alleged disability onset date (step one);

7    that plaintiff had "severe" impairments, namely breast cancer in

8    remission, degenerative disc disease of the lumbar spine, and migraine

9    headaches (step two); and that plaintiff did not have an impairment or

10   combination of impairments that met or equaled a "listing" (step

11   three). [AR 27.]  Plaintiff was found to have an RFC enabling her to

12   lift twenty pounds occasionally, lift and carry up to ten pounds

13   frequently, walk and stand for six hours in an eight-hour workday, and

14   avoid concentrated exposure to noise. [AR 28.]  The vocational expert

15   testified that this RFC would enable Plaintiff to return to her past

16   relevant work as a credit counselor or general clerk (step four).

17   [<u>Id.</u>]  Accordingly, plaintiff was found not "disabled" as defined by

18   the Social Security Act. [<u>Id.</u>]

19        **C.  ISSUES IN DISPUTE**

20        The parties' Joint Stipulation sets out the following disputed

21   issues:

22        1.   Whether the ALJ properly considered the opinion of the state

23             agency physician regarding Plaintiff's limitations in

24             reaching;

25        2.   Whether the ALJ properly considered Plaintiff's medication

26
27   <u>Sullivan</u>, 2 F.3d 953, 958 (9th Cir. 1993); <u>Cooper</u>, 800 F.2d at 1155
     n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a
     nonexertional limitation.  <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>,
28   765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1   side effects;

2   3.   Whether the ALJ properly considered the opinion of an

3        examining physician; and

4   4.   Whether the ALJ posed a complete hypothetical question to

5        the vocational expert.

6   [JS 2-3.]

7   **D.   ISSUE ONE: STATE AGENCY REVIEW PHYSICIAN'S OPINION**

8   **PERTAINING TO REACHING LIMITATIONS**

9        <u>Background</u>

10       In July 2005, Plaintiff had an internal medicine consultation

11  performed by Dr. Seung Ha Lim. [AR 274-78.]  Plaintiff complained of a

12  history of breast cancer, headaches, hypertension, back pain, right

13  arm pain and a hearing deficit. [AR 274.]  Dr. Lim reviewed

14  Plaintiff's medical history, reviewed submitted medical records, and

15  administered a physical examination including formal testing and

16  observations. [AR 274-76.]  Dr. Lim noted that Plaintiff's breast

17  cancer was in remission and found, among other things, that her

18  hearing was grossly normal bilaterally, that an MRI of her head taken

19  in April 2005 was normal, that she had an optimal blood pressure

20  reading without signs of congestive heart failure, that she

21  experienced pain while moving her back based on "paravertebral

22  tenderness and decreased range of motion of the back without any signs

23  of radiculopathy," and that she had a normal range of motion in both

24  of her upper extremities. [AR 276-78.]  Based on these examination

25  findings, Dr. Lim recommended that Plaintiff be limited from a

26  functional standpoint to light work:  sitting, standing and/or walking

27  about six hours in an eight-hour workday with appropriate breaks,

28  lifting and/or carrying twenty pounds occasionally and ten pounds

6

1  frequently, unlimited pushing/pulling, and occasional climbing and

2  stooping. [AR 278.]

3      One month later, in August 2005, Dr. E. Fonte, a state agency

4  review physician, completed a Physical Residual Functional Capacity

5  Assessment based on review of the record, including the examination

6  record of Dr. Lim. [AR 280-87.]  Dr. Fonte's functional assessment was

7  the same as Dr. Lim's with the exception that Dr. Fonte stated that

8  Plaintiff should be limited from reaching in all directions, including

9  no reaching above shoulder level. [AR 283.]  Dr. Fonte further noted

10 that his opinion regarding Plaintiff's limitations and restrictions

11 was not significantly different from those in the file and therefore,

12 offered no explanation for the departure. [AR 286.]

13                    **The Commissioner's Finding**

14      In the administrative decision, the ALJ noted the evaluations of

15 both Dr. Lim and Dr. Fonte, including the clinical findings recorded

16 by Dr. Lim. [AR 25.]  On the basis of this record, the ALJ made an RFC

17 finding that the ALJ described as "roughly consistent" with the

18 assessments of Dr. Lim and Dr. Fonte. [AR 27.]  The ALJ found that

19 Plaintiff had a functional capacity equivalent to light work, as noted

20 above, but the RFC finding did not include the reaching limitation

21 noted by Dr. Fonte. [Id.]  Plaintiff asserts that the ALJ improperly

22 ignored this aspect of Dr. Fonte's opinion and therefore, it was

23 reversible error. [JS 3-5.]

24                         **Discussion**

25      Under the Commissioner's regulations, state agency medical

26 physicians and other program physicians are considered highly

27 qualified experts in the area of Social Security disability

28 evaluations, and their evaluations must be considered by the

                                7

Commissioner as opinion evidence except for the ultimate determination of disability.  20 C.F.R. § 404.1527(f)(2)(I).  However, the opinion of a non-examining physician is normally entitled to less deference than that of an examining and treating physician precisely because of a lack of opportunity to conduct an independent examination and lack of a treatment relationship with the claimant.  <u>Benecke v. Barnhart</u>, 379 F.3d 587, 592 (9th Cir. 2004); <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1040-1041 (9th Cir. 1995)(explaining greater weight given to opinions of treating and examining physicians because they have a greater opportunity to know and observe the patient as an individual). Standing alone, the opinion of a non-examining physician cannot constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1067 n. 2 (9th Cir. 2006); <u>Morgan v. Commissioner of the Social Security Administration</u>, 169 F.3d 595, 602 (9th Cir. 1999); <u>see also</u> <u>Erickson v. Shalala</u>, 9 F.3d 813, 818 n. 7 (9th Cir. 1993)("'[T]he non-examining physicians' conclusion, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician.'"(<u>quoting</u> <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 (9th Cir. 1990)).

Here, the Commissioner's omission of the reaching limitation, as found by Dr. Fonte, in the determination of Plaintiff's RFC was supported by substantial evidence.  Dr. Fonte's finding as to this limitation, to the extent that it departed from the finding of the examining physician, Dr. Lim, was unexplained and not supported by the record on the whole.  As the ALJ noted, Dr. Lim found that Plaintiff had a normal range of motion in her upper extremities upon

8

examination, and a review of the record indicates no medical evidence supporting a different finding.  Under these circumstances, the opinion of Dr. Fonte, standing alone, does not warrant reversal of the Commissioner's finding on this claim.  See Widmark v. Barnhart, 454 F.3d at 1067 n. 2.

**E.  ISSUE TWO: MEDICATION SIDE EFFECTS**

Plaintiff further asserts that the Commissioner's decision is erroneous because the ALJ failed to account for medication side effects. [JS 7-13.]  In support of the claim, Plaintiff provides a lengthy list of medications that she has been prescribed and lists their possible side effects as described by a drug website; Plaintiff also references a statement by Dr. Joseph Nassir, an examining physician, that "some" of Plaintiff's medications "may cause" some of her present symptoms but without explanation of what those symptoms were. [JS 8-13; AR 690.]  Plaintiff does not specify which of these side effects she actually suffers, nor does Plaintiff cite any evidence that she has medication side effects.  A review of the record does not indicate any evidence that Plaintiff suffers from the side effects listed, other than the single, non-specific reference to her medications made by Dr. Nassir.[2]  Under these circumstances, the ALJ was not required to make a further inquiry.  See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005)(ALJ not required to analyze medication side effects, among other things, when such limitations were "neither credible nor supported by the record"); cf. Varney v. Secretary of Health and Human Services, 846 F.2d 581, 585 (9th Cir.

---

[2]  As discussed below, the ALJ provided specific and legitimate reasons supported by substantial evidence in the record to discount Dr. Nassir's opinion.

1  1987)(requiring further inquiry as to medication side effects when
2  claimant gave specific testimony as to severity of side
3  effects)(modified by 859 F.2d 1396 (9th Cir. 1988)).

4      **F.   ISSUES THREE AND FOUR: DR. NASSIR**

5          **Background**

6      In August 2006, Plaintiff underwent a physical examination
7  performed by Dr. Nassir for the chief complaint of "severe headaches
8  two to three times a day." [AR 688.]  Dr. Nassir noted that Plaintiff
9  started developing the migraine headaches in 1979 and that they
10 included episodes of nausea and vomiting. [Id.]  Dr. Nassir noted that
11 Plaintiff's medical history included a history of chronic migraine
12 headaches, osteoporosis, hypertension, hyperlipidemia, status post
13 bilateral breast cancer, constipation, anxiety, depression,
14 gastroesophageal reflux disease, insomnia, conjunctivitis, jaw pain,
15 chronic diaphoresis, chronic nausea, vertigo, dizziness, anemia, and
16 neck and back pain. [AR 688.]  Dr. Nassir's neurologic evaluation of
17 Plaintiff resulted in the following findings:

18     The patient is alert, awake, oriented x3.  Cranial nerve II
19     through XII intact.  Motor is 5/5.  Reflexes are 3/4.  Sensory
20     intact in the upper and lower extremities.  No other focal
21     deficits were noted.  Neck and back examination revealed a
22     significant amount of range of motion decreased in the neck,
23     especially with forward and lateral rotations of about 20% to
24     30%.  Back: There is also decreased range of motion especially
25     with the forward flexion and lateral rotation of 20% to 30%.
26     There is moderate amount of pain noted on the right back side
27     area, radiating down to the leg in the sciatic portion down to
28     the right leg and the foot as well also.

10

1    [AR 690.]

2        Dr. Nassir concluded that "[t]he patient is unable to perform

3    work activities on a sustained, regular basis; therefore, Mrs. Montes

4    is considered to be disabled at this time." [AR 691.]

5                    **The Commissioner's Finding**

6        In the administrative decision, the ALJ rejected the findings of

7    Dr. Nassir and did not incorporate the findings as to Plaintiff's

8    decreased range of motion in the neurological evaluation. [AR 26.]

9    The ALJ cited the following reasons to discount Dr. Nassir's opinion:

10   (1) it appeared that the examination was a "medical-legal report by a

11   non-treating physician who saw the claimant for the sole purpose of

12   aiding her attempt to qualify for disability benefits"; (2) the report

13   contained only a "cursory physical examination which does not support

14   Dr. Nassir's allegation that the claimant cannot perform even

15   sedentary work"; (3) Plaintiff had denied having any psychiatric

16   problems and there was no evidence of a "severe" mental impairment.

17   [AR 26-27.]  The ALJ's decision also referenced clinical evidence that

18   called into question Plaintiff's claim of disability, including, among

19   other things, four MRI studies of Plaintiff's brain that were normal,

20   treating physician notes that did not indicate any significant

21   neurological abnormalities, a consultative psychiatric examination

22   that concluded Plaintiff was capable of handling the stresses and

23   demands of gainful employment, and treatment notes indicating

24   Plaintiff received conservative treatment for back pain. [AR 25.]

25   Plaintiff asserts in Issue Three that the ALJ's rejection of Dr.

26   Nassir's opinion, particularly the failure to address the limitations

27   found in Dr. Nassir's neurological evaluation, was reversible error.

28   [JS 16-17.]  Plaintiff further asserts in Issue Four that these

                                    11

1  limitations should have been incorporated in the hypothetical question
2  posed to the vocational expert at the administrative hearing. [JS 20.]

3      **Discussion**

4      Ninth Circuit cases distinguish among the opinions of three types
5  of physicians: those who treat the claimant (treating physicians),
6  those who examine but do not treat the claimant (examining or
7  consultative physicians), and those who neither examine nor treat the
8  claimant (non-examining physicians).  Lester v. Chater, 81 F.3d 821,
9  830 (9th Cir. 1995); see also Orn v. Astrue, 495 F.3d 625, 631 (9th
10  Cir. 2007).  The opinion of a treating physician is given deference
11  because he is employed to cure and has a greater opportunity to know
12  and observe the patient as an individual.  Orn v. Astrue, 495 F.3d at
13  633; Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987).  The
14  opinion of an examining physician is, in turn, entitled to greater
15  weight than the opinion of a nonexamining physician.  Orn v. Astrue,
16  495 F.3d at 631; Lester v. Chater, 81 F.3d at 830.  Where the opinion
17  of a treating or examining physician is uncontroverted, the ALJ must
18  provide clear and convincing reasons, supported by substantial
19  evidence in the record, for rejecting it.  If contradicted by that of
20  another doctor, a treating or examining source opinion may be rejected
21  for specific and legitimate reasons that are based on substantial
22  evidence in the record.  Valentine v. Commissioner of Social Sec., 475
23  F.3d 684, 692 (9th Cir. 2009); Ryan v. Commissioner of Social Sec.,
24  528 F.3d 1194, 1198 (9th Cir. 2008); Bayliss v. Barnhart, 427 F.3d
25  1211, 1216 (9th Cir. 2005); Lester v. Chater, 81 F.3d at 830-831.[3]

26

27      [3] Although the Ninth Circuit applies the same legal standard in
28  determining whether the Commissioner properly rejected the opinion of
examining and treating doctors - specific and legitimate reasons

12

1    Here, on the whole, the reasons provided by the ALJ to reject the

2  opinion of Dr. Nassir, the examining physician, satisfied this

3  standard.  The ALJ reasonably found that Dr. Nassir's opinion was

4  conclusory and inadequately supported by clinical findings.  <u>See</u>

5  <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002); <u>Holohan v.</u>

6  <u>Massanari</u>, 246 F.3d 1195, 1202 n. 2 (9th Cir. 2001)(holding that

7  medical opinion is "entitled to little if any weight" where the

8  physician "presents no support for her or his opinion").  Moreover,

9  Dr. Nassir's opinion was in conflict with substantial evidence in the

10 record, such as the opinion of the consultative psychiatric examiner

11 that Plaintiff had no psychologically-related limitations in her

12 ability to handle gainful employment and Plaintiff's denial of severe

13 psychiatric problems.  <u>See</u> <u>Batson v. Commissioner of Social Sec.</u>

14 <u>Admin.</u>, 359 F.3d 1190, 1195 (9th Cir. 2004)(holding that ALJ may

15 discredit medical opinion regarding degree of impairment that is

16 conclusory, brief and unsupported by the record as a whole)(<u>citing</u>

17 <u>Tonapetyan</u>, 242 F.3d at 1149).  Accordingly, Issues Three and Four are

18 without merit.

19 //

20 //

21 //

22 //

23 //

24

25 supported by substantial evidence in the record – it is also
   recognized that the opinion of a treating physician is entitled to
26 greater deference than that of an examining physician.  <u>Lester v.</u>
   <u>Chater</u>, 81 F.3d at 831 n. 8.  Accordingly, "reasons that may be
27 sufficient to justify the rejection of an examining physician's
   opinion would not necessarily be sufficient to reject a treating
28 physician's opinion."  <u>Id.</u>

1                                    **V.   ORDERS**

2           Accordingly, **IT IS ORDERED** that:

3           1.    The decision of the Commissioner is **AFFIRMED.**

4           2.    This action is **DISMISSED WITH PREJUDICE.**

5           3.    The Clerk of the Court shall serve this Decision and Order

6    and the Judgment herein on all parties or counsel.

7

8    DATED: November 2, 2009

9                                      _____/S/_____
                                              CARLA M. WOEHRLE
10                                     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         14